## IN THE MATTER OF THE ALTERING AND WIDENING OF MAIN STREET IN THE VILLAGE OF SING SING.

*Village of Sing Sing — power of the trustees, as commissioners of highways, to widen streets — 1880, chap. 568, sec. 38 — necessity of widening a street — how it is to be certified to.*

The charter of the village of Sing Sing declares the village to be a separate road district exempt from the superintendence of the commissioners of highways of the town; constitutes the trustees of the village commissioners of highways therefor, with the usual powers of such commissioners, and authorizes them to lay out, alter or widen any street in the village, without the consent of the land owners, "provided the necessity thereof is certified to by the oaths of twelve reputable freeholders in the manner required by said article fourth for the laying out of highways through inclosed, improved or cultivated land."

*Held,* that the statutes only required that the necessity of the improvement should be shown by a certificate made in the form and manner required by the general highway laws, and signed by twelve reputable freeholders of the village, and that it was not necessary that the freeholders signing it should be drawn and assembled in the manner required by such laws in other cases.

CERTIORARI to review the action of the trustees of Sing Sing in altering and widening a street in that village.

*Smith Lent,* for the relator.

*John Gibney,* for the village of Sing Sing.

DYKMAN, J.:

This is a *certiorari* to review the proceedings of the trustees of the village of Sing Sing in widening Main street in that village under the provision of the charter. These provisions so far as they relate to this controversy are that the village is declared a separate road district, exempt from the superintendence of the commissioners of highways of the town in which the village is located, and the trustees are constituted commissioners of highways therefor, and for that purpose are granted all powers possessed by commissioners of highways of towns in laying out and altering highways.

On the trustees is also conferred power to lay out, alter or widen any street in the village without the consent of the land owners, "provided the necessity thereof is certified to by the oaths of twelve reputable freeholders in the manner required by said article fourth for the laying out of highways through inclosed, improved or cultivated land." (Chap. 568, Laws of 1880, § 38.)

The necessity of this improvement was certified by the oaths of twenty-five disinterested freeholders, but they were not obtained and assembled in the manner required by the highway laws of the State. This presents the only question in the case. The relators are two of the commissioners of highways of the town of Ossining without any interest so far as the papers disclose, and they insist that the proceedings are irregular because the jury certifying to the necessity of the improvement was not properly drawn, that they should have been drawn by the town clerk of the town of Ossining, under the statutes relating to the general highway system of the State.

Such is not our view. The language of the statute is satisfied when the necessity of the improvement is certified in the manner required by the highway laws, that is, where such a certificate is made as required by those laws, and·twelve reputable freeholders certify in that manner.

There exists no reason why the jurors should be drawn by the town clerk and come, as they then would, from the whole town. The requirement has reference to the manner of the certification, and not to the mode of drawing or assembling of the jury.

The village is a separate district. The `general laws are not of force within its borders, and special provision is made for all proceedings for opening, altering or widening streets. This jury was obtained in pursuance of notice regularly posted, no abuses have crept in and no allegation is made against the necessity of the improvement.

The proceedings under review should be affirmed, with costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred in the result.

Adjudication of trustees affirmed, with costs.